UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL E. BLACKWOOD, | ) |
| Plaintiff, | ) |
| v. | ) No. No.: 2:18-cv-00069 |
| | ) Chief Judge Crenshaw |
| CUMBERLAND COUNTY, TENNESSEE, KENNETH CAREY, JR., CUMBERLAND COUNTY CENTRAL COMMUNICATIONS COMMITTEE, CUMBERLAND COUNTY 911 EMERGENCY COMMUNICATIONS DISTRICT, and CITY OF CROSSVILLE, TENNESSEE, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

After Michael Blackwood was terminated from his position as the Communications Dispatch Director for the Central Communications Committee ("CCC"), he filed suit in this Court against five Defendants alleging First Amendment retaliation under 42 U.S.C. § 1983, and state law claims for violation of the Tennessee Public Employee Political Freedom Act, Tenn. Code Ann. § 8-50-601, *et seq.*; the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-301, *et seq.*; and the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-101, *et seq*. Two of those Defendants – the City of Crossville ("the City") and Cumberland County Emergency Communications District ("CCECD") – have filed Motions for Summary Judgment. (Doc. Nos. 33, 39). The Motions are straightforward: both Defendant assert that they were not Blackwood's employer, and both affirmatively assert that they were not involved in the decisions regarding Blackwood's employment or termination, or any meetings that allegedly violated state law.

In support of their respective Motions and in accordance with this Court's Local Rules, the City and CCECD submitted Statements of Undisputed Facts (Doc. Nos. 35, 41) setting forth those assertions. Blackwood did not file any response to those Statements of Fact. This should end the matter because, under Local Rule 56.01(f), "the asserted facts shall be deemed undisputed for purposes of summary judgment" when a party does not challenge the facts alleged. If this were not enough to grant summary judgment, Plaintiff's statement in his response brief that he "does not oppose the CCECD's and the City's motions" (Doc. No. 49 at 1) certainly should be.

There is, however, a twist. A third Defendant – Cumberland County ("the County") objects to summary judgment in either the City's or CCECD's favor. In doing so, it does not claim that either of those Defendants employed Blackwood. To the contrary, the County claims that yet a fourth Defendant, the Cumberland County Central Communications Commission ("CCC") employed him. Still, the County believes that summary judgment at this point could be premature should it turn out that the CCECD and/or the City and/or the County were joint employers, or that the CCECD and/or the City are liable pursuant to an Intergovernmental Cooperation Agreement between the City, the County, and the CCECD for emergency dispatch services. Based upon the County's response, Blackwood "requests that the Court stay his claims as to the CCECD and the City, administratively close them or dismiss them without prejudice to his right to refile them." (Doc. No. 49).

The problem with Blackwood's alternative proposal is that his "claims" presuppose that either the CCECD or the City (or both) was his employer or participated improperly in meetings in violation of state law, yet he has proffered not a scintilla of evidence to support either. Indeed, these are the very issues that serve as the basis for the pending motions for summary judgment and once

those issues were crystallized it was incumbent upon Blackwood to "present significant probative evidence in support of [his] complaint." Martinez-Gonzalez v. Lakeshore Staffing, Inc., No. 18-1489, 2018 WL 5881532, at *2 (6th Cir. Nov. 9, 2018). The fact that discovery is ongoing is immaterial because a motion for summary judgment can be filed "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). If Blackwood thought discovery on the issue of the proper employer would be helpful, he could have filed an affidavit or declaration requesting that the Court defer consideration of the motion, or allow time for discovery to continue before a ruling was issued. Fed. R. Civ. P. 56(d). Blackwood did not do so. What Blackwood did, instead, was to rest on pleadings, and this is insufficient to overcome a properly supported motion for summary judgment. Ellington v. City of E. Cleveland, 689 F.3d 549, 552 (6th Cir. 2012); Moldowan v. City of Warren, 578 F.3d 351, 374 (6th Cir. 2009).

The County's request that this Court defer a ruling on the pending motions for summary judgment is more problematic because the only claims the City and CCECD are defending against are Blackwood's. No cross-claim has been filed and, in this sense, the County has no dog in that fight.

In the absence of a cross-claim, the City and CCECD argue that the County lacks standing to object to the entry of summary judgment. As support, they rely on the following passage from Eckert v. City of Sacramento, No. 207CV00825GEBGGH, 2009 WL 3211278 (E.D. Cal. Sept. 30, 2009):

> Union Pacific raises a procedural question that has been infrequently addressed: "[i]n the absence of cross-claims, may one co-defendant be the sole . . . opposition to another co-defendant's motion for summary judgment?" Blonder v. Casco Inn Residential Care, Inc., 2000 WL 761895, at *1 (D. Me. May 4, 2000). The Blonder Court answered the question in the negative, concluding that in the absence of a crossclaim, a co-defendant lacks standing to oppose his co-defendant's motion for

3

summary judgment. Id.

The Blonder court looked to the "principles underlying Rule 56," when concluding that the non-moving co-defendants lacked standing to oppose the motion, stating:

> Rule 56 is intended to avoid trial when appropriate and to bring about summary justice whenever legally proper. Requiring Plaintiff to prosecute her claims against [Defendants] . . . when she no longer believes such claims to be viable would be contrary to the principle of Rule 56 that trials . . . should be avoided when appropriate.

Id. The rationale of Blonder is persuasive, and other courts have come to the same conclusion. See Fraioli v. Lemcke, 328 F. Supp.2d 250, 263 n.4 (D.R.I.2004) ("[S]ince none of the defendants in this case have filed cross claims against each other, the defendants are not adverse parties who are entitled to object to each others' motions for summary judgment."); Dixon v. County of Alameda, 1997 WL 220311, at *6 n. 8 (N.D. Cal. Apr.18, 1997) (noting that co-defendant did not have standing to oppose co-defendant's motion for summary judgment); C.F. Bean Corp. v. Clayton Indus. Ltd., 1996 WL 470644, at *1(E.D. La. Aug.19, 1996) (same).

Id. at *3. While the City and CCECD acknowledge that "few cases have addressed the issue," (Doc. Nos. 50 at 4; 52 at 3), they neglect to mention that there is contrary authority, including at least one case from this District, which has been described by another court as perhaps "[t]he best example" for the proposition that "opposing co-defendants may prevent summary judgment to the co-defendant," even in the absence of opposition from the plaintiff." D.F. by & through Amador v. Sikorsky Aircraft Corp., No. 313CV00331GPCKSC, 2017 WL 4922814, at *12 (S.D. Cal. Oct. 30, 2017).

In Stone v. Marten Transp., LLC, No. 3:12-CV-0396, 2014 WL 1666420, at *4 (M.D. Tenn. Apr. 25, 2014), Judge Trauger began by observing that "the issue of whether one co-defendant may oppose another co-defendant's motion in the absence of a cross-claim is an issue that has vexed federal district courts," and that neither the Sixth Circuit nor any other federal appellate court appears to have addressed the issue. Judge Trauger then wrote:

4

> Although some courts seem to hold that "standing" to oppose a motion requires that parties be on opposite sides of the "v.", that approach is unnecessarily myopic. In a comparative fault jurisdiction such as Tennessee, a defendant has a stake in whether another entity will be listed on the verdict form, because that other entity (whether or not a party at trial) could be held liable for some measure of the plaintiff's damages, thereby relieving the defendant from being allocated that percentage of liability.

Id.

Ignoring on which side of the "v." a party sits appears to be particularly appropriate in cases involving comparative fault. As Judge Trauger pointed out, "under Tennessee's comparative fault regime, [a defendant] does not have, a cross-'claim' against its co-defendants (or, for that matter, any other entity potentially at fault for the incident) to assert in the first place." Id. However, a number of courts in other situations have also deemed it appropriate to consider oppositions to motions for summary judgment filed by parties that have not filed cross-claims. See e.g., Indep. Living Ctr. of S. Cal. v. City of Los Angeles, 205 F. Supp. 3d 1105, 1109 (C.D. Cal. 2016) (considering opposition to motion by co-defendant in case alleging housing and disability discrimination); Helen of Troy, L.P. v. Zotos Corp., 235 F.R.D. 634, 640 (W.D. Tex. 2006) (considering opposition in breach of warranty and strict liability case and noting that the "adverse party" language in Rule 56(c) does not "preclude a party from responding to a motion for summary judgment unless claims exist between the movant and the party seeking to respond"); Coleman v. Anco Insulations, Inc., 196 F. Supp. 3d 608, 610 (M.D. La. 2016) (allowing opposition to be filed by co-defendant and observing that "Rule 56(a) says nothing about who can *oppose* a motion for summary judgment") (emphasis in original); see also, Dailey v. J.B. Call & Co., No. 04-4114-RDR, 2006 WL 616634, at *2 (D. Kan. Mar. 9, 2006) (finding standing to be proper in product liability case because to hold otherwise "could lead to a duplicative proceedings and contradictory results").

5

Interesting as it is, the Court finds it unnecessary to definitively answer the "vexing" question because of the procedural posture of this case. While the City and CCECD argue that the County "has offered no testimony to support any claim that [either] is liable as an employer or otherwise," and note that the affidavit submitted on behalf of the County "says substantially nothing about" either the City or CCECD, (Doc. Nos. 50 at 3; 52 at 3), discovery is ongoing and not scheduled to end until July 1, 2019.[1] And, insofar as the County has any desire to file a cross-claim against the City or CCECD, or the parties otherwise want to amend the pleadings, the deadline for doing so is not until March 1, 2019. Given this, the Court believes the best approach is to let discovery run its course and not short-circuit the process by making a decision based upon a potentially incomplete factual record.

Accordingly, the Motions for Summary Judgment (Doc. Nos. 33, 39) filed by the City of Crossville and Cumberland County Emergency Communications District are hereby **DENIED**. Said denials are **WITHOUT PREJUDICE** to refiling once discovery has closed.[2] This case is **RETURNED** to the Magistrate Judge for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] As previously noted, Rule 56(d) provides a mechanism for delaying the entry of summary judgment when a party is not in a position to respond to an asserted fact. If the issue of whether a party who does not file a cross-claim can oppose an otherwise uncontested motion for summary judgment is an open question, then the one-step removed question of whether that party can file a motion for an extension under Rule 56(d) must be even more so. This is a potential rabbit hole the Court finds unnecessary to explore.

[2] Better yet, should discovery produce no evidence to hold either the City or CCECD liable, the parties should jointly move to dismiss that Defendant.